UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ANDRES AYALA, et al., | CASE NO. C25-5653 BHS |
| Plaintiff, | ORDER |
| v. | |
| WINCO HOLDINGS, INC., | |
| Defendant. | |

THIS MATTER is before the Court on defendant Winco's second motion to dismiss, Dkt. 12.

The Court denied as moot Winco's first such motion, Dkt. 7, when plaintiff Ayala filed an amended complaint, Dkt. 9, instead of responding to the motion. It did so because a properly filed amended complaint generally moots a pending motion to dismiss the prior complaint, because the new pleading supersedes the prior one. *See Frazier v. City of Fresno*, 2023 WL 1786228, at *1 (E.D. Cal Feb 6, 2023) ("Once an amended complaint is filed, the previous complaint becomes null and void, and generally any pending motion to dismiss that was directed at the previous pleading will be thus

ORDER - 1

rendered moot."); *see also Zimmerman v. PeaceHealth*, 701 F. Supp. 3d 1099, 1108 (W.D. Wash. 2023).

But this is a maneuver that works only once. Federal Rule of Civil Procedure 15(a)(1) permits a party to amend his pleading *once* as a matter of course. In all other cases, a party may amend its pleading only with the opposing party's written consent, or the court's leave. Fed. R. Civ. P. 15 (a)(2).

Ayala's purported second amended complaint, Dkt. 14, was not filed with consent or leave of court, and it is not his operative pleading. Ayala's response to WinCo's motion to dismiss, Dkt. 15, is substantially identical to his prior response to Winco's first motion, Dkt. 10. But this time, it is incorrect.

Ayala's operative pleading is his amended complaint, Dkt. 9. WinCo's motion to dismiss that pleading, Dkt. 12, is not moot. Ayala should substantively respond to it by Wednesday, October 1. The clerk shall **RE-NOTE** the motion to dismiss for October 8.

IT IS SO ORDERED.

Dated this 25th day of September, 2025.

BENJAMIN H. SETTLE
United States District Judge