1

2

3                                                          Honorable Benjamin H. Settle

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9         WESTERN DISTRICT OF WASHINGTON, TACOMA DIVISION

10   ANDRES AYALA and DANIEL BUSSELL,          No. 3:25-cv-05653-BHS
     individually and on behalf of all others
11   similarly situated,                        **THIRD AMENDED CLASS ACTION**
                                                 **COMPLAINT FOR UNPAID WAGES**
12                          Plaintiffs,

13            v.

14   WINCO HOLDINGS, INC., an Idaho
     corporation;
15

16                          Defendant.

17

18         Plaintiffs Andres Ayala and Daniel Bussell, by their undersigned counsel, pursuant to

19   FRCP 15(a)(1)(b), and for their Third Amended class action complaint against Defendant WinCo

20   Holdings, Inc., alleges as follows:

21   / / /

22   / / /

23   / / /

24

25

26

THIRD AMENDED CLASS ACTION
COMPLAINT FOR UNPAID WAGES – 1

# I. INTRODUCTION

1.1    <u>Nature of Action.</u> Defendant has engaged in a systematic scheme of wage and hour abuses against its Washington hourly-paid or non-exempt employees. These abuses include: (1) failing to provide employees with the rest breaks to which they are entitled; (2) failing to provide employees with the meal breaks to which they are entitled; (3) failing to pay all minimum wages to employees for all hours worked; (4) failing to pay all overtime wages to employees when they work more than 40 hours in a workweek; and (5) failing to accrue sick leave for and failing to allow the usage of paid sick leave for qualifying absences by employees.. Defendant's deliberate and willful failure to pay their employees their earned wages violates Washington law.

1.2    Plaintiffs and the Class members are current and former hourly-paid or non-exempt employees of Defendant who have been victimized by Defendant's unlawful compensation practices. This lawsuit is brought as a class action under state law to recover unpaid wages owed to Plaintiffs and those similarly situated.

# II. JURISDICTION AND VENUE

2.1    <u>Jurisdiction.</u> Defendant is within the jurisdiction of this Court. Defendant does business in the State of Washington. Defendant is registered to conduct business in the State of Washington. Defendant has obtained the benefits of the laws of the State of Washington and the Washington retail and labor markets.

2.2    <u>Venue.</u> Venue is proper in the Western District of Washington because this case was properly filed in Cowlitz County and Defendant removed it therefrom under 28. U.S.C. § 1441(a).

2.3    <u>Governing Law.</u>   The claims asserted on behalf of Plaintiffs and the Class members in this complaint are brought solely under state law causes of action and are governed exclusively by Washington law.

JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California  91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

1    ### III. PARTIES

2    3.1    <u>Plaintiff Andres Ayala.</u> Plaintiff is a resident of Washington. Defendant hired

3    Plaintiff Ayala as an hourly-paid or non-exempt Cart Clerk in its Longview location during the

4    relevant time period from approximately March 23, 2021 to August 7, 2023.The "amount in

5    controversy" for Plaintiff Ayala, including claims for compensatory damages, restitution,

6    penalties, wages, premium pay, and pro rata share of attorneys' fees, is less than seventy-five

7    thousand dollars ($75,000).

8    3.2    <u>Plaintiff Daniel Bussell</u>. Plaintiff is a resident of Washington. Defendant hired

9    Plaintiff Bussell as an hourly-paid or non-exempt Freight Stocker in its Tacoma 6th Street location

10    during the relevant time period from approximately December 13, 2022 to February 21, 2023.

11    The "amount in controversy" for Plaintiff Bussell, including claims for compensatory damages,

12    restitution, penalties, wages, premium pay, and pro rata share of attorneys' fees, is less than

13    seventy-five thousand dollars ($75,000).

14    3.3    <u>Defendant.</u> Defendant is an Idaho corporation with its principal place of business

15    in Boise, Idaho.

16    ### IV. CLASS ACTION ALLEGATIONS

17    4.1    <u>Class Definition.</u> Pursuant to Federal Civil Rule 23, Plaintiffs brings this case as

18    a class action on behalf of a Class defined as follows:

19    All hourly-paid or non-exempt employees of Defendant in the

20    State of Washington at any time during the period from April 17,

21    2022 to final disposition of this action.

22    Excluded from the Class are any entity in which Defendant has a controlling interest or which

23    has a controlling interest in Defendant, and Defendant's legal representatives, assignees, and

24    successors. Also excluded are the judge to whom this case is assigned and any member of the

25    judge's immediate family.

26

JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California  91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

1    4.2    <u>Numerosity.</u> More than 40 people have worked as hourly-paid or non-exempt

2    employees for Defendant in the State of Washington during the relevant time period.

3    4.3    <u>Commonality.</u> There are numerous questions of law and fact common to Plaintiffs

4    and the Class members. These questions include, but are not limited to, the following:

5         a.    Whether Defendant has engaged in a common course of failing to provide

6    Plaintiffs and the Class members with a ten-minute rest break for every four hours of work;

7         b.    Whether Defendant has engaged in a common course of requiring

8    Plaintiffs and the Class members to work more than three consecutive hours without a rest break;

9         c.    Whether Defendant has engaged in a common course of failing to ensure

10   that Plaintiffs and the Class members have received the rest breaks to which they are entitled;

11        d.    Whether Defendant has engaged in a common course of failing to provide

12   Plaintiffs and the Class members with a thirty-minute meal break for every five hours of work;

13        e.    Whether Defendant has engaged in a common course of failing to ensure

14   that Plaintiffs and the Class members have received the meal breaks to which they are entitled;

15        f.    Whether Defendant has engaged in a common course of failing to pay

16   minimum wages to Plaintiffs and the Class members for all hours worked;

17        g.    Whether Defendant has engaged in a common course of failing to pay

18   Plaintiffs and the Class members all of the overtime wages to which they are entitled;

19        h.    Whether Defendant has engaged in a common course of failing to accrue

20   sick leave for and failing to allow the usage of paid sick leave for qualifying absences by Plaintiffs

21   and the Class members.

22        i.    Whether Defendant has engaged in a common course of failing to pay

23   Plaintiffs and the Class members all the wages to which they are entitled;

24        j.    Whether Defendant failed to keep true and accurate records of the hours

25   worked, rates of pay, gross wages, and all deductions for each pay period for Plaintiffs and the

26   Class members;

JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California  91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

1    k.    Whether Defendant failed to furnish itemized pay statements to Plaintiffs

2  and the Class members;

3    l.    Whether Defendant willfully deprived Plaintiffs and the Class members

4  of the wages to which they were entitled;

5    m.    Whether Defendant has violated RCW 49.12.020;

6    n.    Whether Defendant has violated WAC 296-126-092;

7    o.    Whether Defendant has violated RCW 49.46.130;

8    p.    Whether Defendant has violated RCW 49.46.090;

9    q.    Whether Defendant has violated RCW 49.46.210;

10    r.    Whether Defendant has violated RCW 49.48.010;

11    s.    Whether Defendant has violated WAC 296-126-025;

12    t.    Whether Defendant has violated WAC 296-128-620;

13    u.    Whether Defendant has violated RCW 49.52.050; and

14    v.    The nature and extent of class-wide injury and the measure of

15  compensation for such injury.

16    4.4    Typicality. Plaintiffs' claims are typical of the claims of the members of the Class

17  because Defendant employed Plaintiffs as hourly-paid or non-exempt employees in the State of

18  Washington. The claims of Plaintiffs, like the claims of the Class, arise out of the same common

19  course of conduct by Defendant and are based on the same legal and remedial theories.

20    4.5    Adequacy. Plaintiffs will fairly and adequately protect the interests of the Class.

21  Plaintiffs have retained competent and capable attorneys who are experienced lawyers with

22  significant experience in complex and class action litigation, including employment law.

23  Plaintiffs and their counsel are committed to prosecuting this action vigorously on behalf of the

24  Class and have the financial resources to do so. Neither Plaintiffs nor their counsel have interests

25  that are contrary to or that conflict with those of the proposed Class.

26

THIRD AMENDED CLASS ACTION
COMPLAINT FOR UNPAID WAGES – 5

4.6 <u>Predominance.</u> Defendant has engaged in a common course of wage and hour abuse toward Plaintiffs and members of the Class. The common issues arising from this conduct that affect Plaintiffs and members of the Class predominate over any individual issues.

4.7 <u>Superiority.</u> Plaintiffs and the Class members have suffered and will continue to suffer harm and damages as a result of Defendant's unlawful and wrongful conduct. Absent a class action, however, most Class members likely would find the cost of litigating their claims prohibitive. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action. The Class members are readily identifiable from Defendant's records.

## V. <u>SUMMARY OF INDIVIDUAL FACTUAL ALLEGATIONS</u>

5.1 <u>Plaintiff Andres Ayala</u>.

5.1.1 <u>Meal Breaks</u>. Plaintiff Ayala would routinely be scheduled to work 6-hour shifts towards the end of his employment as a cart clerk. During these shifts, he would be expected by Defendant WinCo to take a 30-minue unpaid meal period beginning no later than the fifth hour of work. However, Defendant often failed to adequately provide Plaintiff Ayala with full and complete meal breaks free of duties.

5.1.2 For example, on April 23, 2023 Defendant reported that Plaintiff Ayala worked from 9:59 am to 2:48 pm, clocked out for 33 minutes from 2:48 pm to 3:21 pm, and ultimately clocked out at 3:59 pm. However, these time records belie that Mr. Ayala was not actually "on break" for the entirety of this time, as he was required to wait in line at Defendant's time clocks when clocking in and out, was waylaid by administrative staff and/or managers asking him questions about suspicious persons after having clocked out and before clocking back in, and was required to return to the timeclock by walking through the store, where he would be interrupted further by other employees or customers asking him questions. As a result

JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 ● FAX (818) 230-7259
www.JusticeLawCorp.com

1    of these interruptions, Mr. Ayala was deprived of his full and complete 30-minute duty-free

2    meal period.

3            5.1.3  Furthermore, Mr. Ayala was required to be affirmatively relieved from

4    duty prior to beginning any break, which would often cause him to take his break late (and risk

5    discipline) or take a timely break without prior approval (and risk discipline).

6            5.1.4  Defendant's November 2022 policy states: "Employees should complete

7    their current customer transaction before taking their rest break or meal period. Employees

8    should obtain permission from a manager or a lead clerk when beginning a rest break or meal

9    period." Plaintiff signed a workplace policy document containing that same policy language.

10           5.1.5  Defendant's workplace policies also did not adequately instruct staff and

11   managers as to the requirement to take timely meal periods prior to the end of the fifth hour of

12   work. Plaintiff Ayala has specifically been disciplined by management (specifically Andrew

13   Austin) for taking breaks that took too long, including that he was disciplined in writing on

14   January 21, 2023 that he had previously in January 2023 taken "a 23 minute break," "a 24 minute

15   break," and "a 16 minute break."  Mr. Ayala was not paid a premium for missing his meal

16   periods.

17           5.1.6  Furthermore,  Defendant's  timeclock  would  routinely  vary  as  to  its

18   precision and accuracy from day-to-day and shift-to-shift, such that the recorded time on

19   Defendant's time records would routinely be inaccurate.

20           5.1.7  Defendant would regularly schedule Plaintiff Ayala to work 5-hour shifts

21   on busy weekends without scheduling a meal period. For example, Defendant would be

22   scheduled to work a Sunday from 12:30 pm to 5:30 pm but would not be permitted to take his

23   break for that shift, even if he worked five hours or more.

24           5.1.8  <u>Rest Breaks</u>. Mr. Ayala was often required to skip rest breaks due to

25   business demands. Plaintiff Ayala estimates that he would routinely need to miss at least one

26   rest break per shift, and at the very least once in every workweek. In particular, Defendant would

THIRD AMENDED CLASS ACTION
COMPLAINT FOR UNPAID WAGES – 7

JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California  91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

1    regularly require Mr. Ayala to miss his rest breaks on Sundays and Saturdays, on holidays, and
2    around major sporting events such as the Superbowl due to heavy business demands. As with
3    meal breaks, Defendant's written policies failed to adequately inform employees as to the
4    minimum timing and frequency of rest periods.

5        5.1.9   <u>Off-the-Clock Work</u>. Defendant routinely required Plaintiff Ayala to work
6    off-the-clock. Defendant required employees to wait in line and travel through its facility to
7    clock in at its time-clock location. Employees would often perform work duties when walking
8    through the store to clock in, which would lead to off-the-clock work prior to a shift start or
9    during a supposedly duty-free meal break. Additionally, in lieu of communicating with Plaintiff
10   Ayala via a walkie talkie or some other communication device, Defendant's other employees
11   would often ask Plaintiff Ayala questions after he was clocked out, including questions about
12   store security or suspicious persons in the parking lot. Additionally, Defendant often required
13   Plaintiff Ayala to perform direct work duties after having clocked out, including rounding up
14   carts.

15       5.1.10 <u>Sick Leave Normal Rate</u>. Defendant did not factor gift card earnings into
16   Mr. Ayala's normal hourly rate of pay for purposes of calculating sick leave pay. For example,
17   on December 9, 2022 Defendant paid Plaintiff Ayala a gift card of $217.61, but only paid him
18   sick leave at his base rate for sick leave on December 2, 2022 without factoring in the additional
19   earnings. This issue recurred each time gift cards were paid. Plaintiff hereby incorporates his
20   gift card paystubs, available in the record at Dkt. 18 p. 5-9.

21       5.1.11 <u>Sick Leave Accrual and Usage</u>. Mr. Ayala was out sick due to a stomach
22   bug on January 15, 2023 and January 18, 2023 and requested to use sick leave. However,
23   Defendant did not pay him for those shifts and coded his time as an unexcused absence.
24   Additionally, Defendant failed to accrue sick leave for all hours of Plaintiff Ayala's work. For
25   example, Plaintiff Ayala did not accrue ANY additional sick leave for the second pay period of
26   November 2022, even though he reported working 41.25 hours of work during that pay period.

Furthermore, due to Defendant's failure to accurately account for all hours of work, for missed meal and rest periods, and for off-the-clock work, Defendant necessarily and regularly failed to accurately accrue all sick leave due to Plaintiff Ayala through the course of his employment.

5.1.12 <u>Rounding or Accounting Errors</u>. Defendant's payroll system appears to consistently miscalculate the total amount due to employees based on recorded hours and pay rates. For example, in the first pay period in April 2023, Defendant reported Plaintiff Ayala as having worked 42.95 hours, at a rate of $15.79/hour. However, Defendant calculated his "current amount" of pay as $678.15—even though 42.95*15.79=$678.18 (an unexplained three cent shortage). The same issue recurs in other pay periods. For example, on the paystub for the second pay period in April, 2023, Defendant recorded 27.15 hours for Plaintiff Ayala at $15.79/hour base rate, but paid him $428.68—an unexplained one-to-two cent shortage.

5.1.13 <u>Final Pay</u>. Plaintiff Ayala was not paid accurately in his final pay period with hours worked in April 2023 because Defendant required Plaintiff Ayala to work through breaks and did not pay premium payments to him. Nor was Mr. Ayala compensated with his complete and full wages owed due to the off-the-clock work, minimum wage, rounding, sick leave, and other violations described herein by the time his final paycheck was issued to him.

5.1.14 <u>Other Derivative Theories</u>. In addition to independent theories of each of these claims, facts that support one theory may also necessarily cause liability under another, if true. For example, Defendant's violation of Mr. Ayala's right to meal breaks would also necessarily constitute work off-the-clock, and work-off-clock may also cause violations of Mr. Ayala's meal break rights (e.g., if Mr. Ayala started working off-the-clock prior to clocking in, then only took his first meal period 5 hours after clocking in, then it would necessarily mean he took a late break).

5.1.15 <u>Willfulness</u>. Multiple of Defendant's employees have complained—both formally and informally—about Defendant's wage-and-hour practices over the years, yet Defendant's deficient policies and practices leading to underpayment have persisted. Defendant

THIRD AMENDED CLASS ACTION
COMPLAINT FOR UNPAID WAGES – 9

JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

1    maintained its time and pay records in electronic format and had knowledge of and access to

2    information regarding recorded hours of work and time records when it paid wages.

3    Furthermore, Defendant's managers, leads, or accounting staff would instruct Plaintiff Ayala

4    (with knowledge that he was off-the-clock) to perform work-related tasks including for example:

5    wrangling carts after he had clocked out and was on his way to his car to drive home for the day,

6    or discussing light duty accommodation schedules while on break in the break room.

7    Defendant's consistent failure to adequately train and inform its managers and payroll

8    employees as to appropriate prevention and remediation procedures related to break times,

9    missed breaks, premium payments, off-the-clock work, and regular rate calculations constitutes

10   willfulness. Defendant actively monitors and audits internally its own timekeeping records, yet

11   has failed to remediate non-compliant break violations contained in those records after

12   approving them through a reconciliation process. Additionally, Defendant's managers also

13   disciplined employees for allegedly taking too *long* breaks, all the while failing to actively

14   ensure that they were completely relieved of duty during their break times.

15        5.2    Plaintiff Daniel Bussell.

16            5.2.1  Meal Breaks. Plaintiff Bussell would routinely be required to take late

17   meal breaks, skip meal breaks, or be interrupted during his attempts to take meal breaks.

18            5.2.2  For example, on December 13, 2022, Defendant's time records show Mr.

19   Bussell working from 9:51 A.M. to 2:55 pm (five hours and three minutes) without a meal break.

20   During his next scheduled shift on December 16, 2022 (a 10 pm graveyard shift), Defendant did

21   not provide Mr. Bussell any meal break until 3:06 am (five hours and six minutes into the shift).

22   These examples respectively show Mr. Bussell experiencing missed and late meal breaks.

23   Defendant's time records reveal additional late and missed breaks recorded during Mr. Bussell's

24   employment.

25

26

THIRD AMENDED CLASS ACTION
COMPLAINT FOR UNPAID WAGES – 10

1    5.2.3  Additionally, Mr. Bussell would be interrupted nearly every time he *did*

2    attempt to take a meal break by his supervisor asking him work-related questions or assigning

3    him work-related tasks.

4    5.2.4  Mr. Bussell was subject to the same non-compliant workplace meal break

5    policies as Plaintiff Ayala during his employment with Defendant.

6    5.2.5  <u>Rest Breaks</u>. Mr. Bussell almost never received rest breaks during his

7    employment with Defendant. Mr. Bussell estimates that he missed approximately 75% of his

8    rest periods during his employment with Defendant. And Mr. Bussell estimates approximately

9    90% of his rest breaks were interrupted by his supervisor asking him work-related questions or

10   assigning him work-related tasks when he did attempt to take them. As with Defendant's

11   deficient meal break policies which did not adequately describe the required timing of meal

12   breaks, Defendant's policies likewise did not describe the appropriate times for rest periods.

13   5.2.6  <u>Off-the-Clock Work</u>. Defendant routinely required Plaintiff Bussell to

14   work off-the-clock. For example, Mr. Bussell recalls that on or around his December 21, 2022

15   shift he was required to work for approximately 4 hours prior to his scheduled shift start time

16   without receiving any compensation for those hours of work.  Mr. Bussell recalls Defendant

17   maintaining a requirement that he not clock in more than five minutes prior to his scheduled

18   shift times, even if he arrived at his work site earlier and performed work duties. Mr. Bussell

19   estimates that he would routinely be required to work off-the-clock prior to his shift

20   approximately 2-3 times per workweek, and usually for at least one hour prior to his scheduled

21   shift start time.

22   5.2.7  <u>Overtime</u>. Due to Mr. Bussell's frequent off-the-clock work performed at

23   his manager DJ Charfauros's request, he was due overtime at his regular rate of pay for having

24   worked over 40 hours in one week. For example, during the workweek of December 18, 2022

25   through December 25, 2022, Mr. Bussell worked more than 40 hours in that week, but

26   Defendant did not pay him overtime due to under-recording his hours of work.

JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California  91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

1    5.2.8 <u>Final Pay</u>. Plaintiff Bussell was not paid accurately in his final pay in

2 March 2023 because Defendant required Plaintiff Bussell to work through breaks and did not

3 pay premium payments to him. Nor was Mr. Bussell compensated with his complete and full

4 wages owed due to the off-the-clock work described herein by the time his final paycheck was

5 issued to him.

6    5.2.9 <u>Other Derivative Theories</u>. In addition to independent theories of each of

7 these claims, facts that support one theory may also necessarily cause liability under another, if

8 true. For example, Defendant's violation of Mr. Bussell's right to meal breaks would also

9 necessarily constitute work off-the-clock, and work-off-clock may also cause violations of Mr.

10 Bussell's meal break rights (e.g., if Mr. Bussell started working off-the-clock prior to clocking

11 in, then only took his first meal period 5 hours after clocking in, then it would necessarily mean

12 he took a late break).

13    5.2.10 <u>Willfulness</u>. Multiple of Defendant's employees have complained—both

14 formally and informally—about Defendant's wage-and-hour practices over the years, yet

15 Defendant's deficient policies and practices leading to underpayment have persisted. Defendant

16 maintained its time and pay records in electronic format and had knowledge of and access to

17 information regarding recorded hours of work and time records when it paid wages. Defendant

18 internally audited, reviewed, and reconciled those electronic time records in its process of

19 providing employee pay each time wages were paid, but failed to remediate non-compliant break

20 practices obvious from the face of those time records through its reconciliation. Defendant's

21 managers consistently required Mr. Bussell to work without clocking in, intentionally causing

22 him to work without recording the time. Indeed, they did not allow or permit him to clock in

23 any more than five minutes prior to his scheduled shift time, even though he would routinely

24 arrive much earlier and begin working. Defendant's consistent failure to adequately train and

25 inform its managers and payroll employees as to appropriate prevention and remediation

26 procedures related to break times, missed breaks, premium payments, and off-the-clock work

THIRD AMENDED CLASS ACTION
COMPLAINT FOR UNPAID WAGES – 12

1    constitutes willfulness. As described above, Defendant's managers and supervisors frequently

2    directly instructed employees to work off-the-clock, instructed employees to work during

3    protected break times, reprimanded employees for taking protected time in the form of breaks,

4    and failed to timely remediate these wage and hour violations. Furthermore, Mr. Bussell's time

5    records contain consistent "approvals" indicating that his time and pay records were reviewed

6    for accuracy by someone other than Mr. Bussell himself for approval with full knowledge of the

7    off-the-clock work and missed and late breaks.

8              **VI.  SUMMARY OF CLASS-WIDE FACTUAL ALLEGATIONS**

9         6.1    Defendant has engaged in, and continues to engage in, a common course of wage

10   and hour abuse against its hourly-paid or non-exempt employees in the state of Washington.

11        6.2    Failure to provide rest breaks. Defendant has engaged in a common course of

12   failing to provide Plaintiffs and the Class members with a paid ten-minute rest break for every

13   four hours of work.

14        6.3    Defendant has engaged in a common course of requiring or permitting Plaintiffs

15   and the Class members to work more than three consecutive hours without a rest break.

16        6.4    Defendant has engaged in a common course of failing to ensure Plaintiffs and the

17   Class members have taken the rest breaks to which they are entitled.

18        6.5    Defendant has engaged in a common course of failing to provide Plaintiffs and

19   the Class members with ten-minutes additional pay and/or time worked for each missed rest

20   break.

21        6.6    Each time an hourly-paid or non-exempt employee misses a rest break, Defendant

22   receive the benefit of ten minutes worked without paying for the time worked.

23        6.7    As a result of Defendant's common course of failing to provide proper rest breaks

24   to Plaintiffs and the Class members, Defendant failed to maintain accurate records of hours

25   worked by Plaintiffs and the Class members.

26        6.8    Defendant had actual or constructive knowledge of the facts set forth above.

THIRD AMENDED CLASS ACTION
COMPLAINT FOR UNPAID WAGES – 13

1       6.9    <u>Failure to provide meal breaks.</u> Defendant has engaged in a common course of
2 failing to provide Plaintiffs and the Class members with a thirty-minute meal break for every five
3 hours of work.

4       6.10    Defendant has engaged in a common course of requiring or permitting Plaintiffs
5 and the Class members to work more than five consecutive hours without a meal break.

6       6.11    Defendant has engaged in a common course of failing to ensure Plaintiffs and the
7 Class members have received the meal breaks to which they are entitled.

8       6.12    Defendant has engaged in a common course of failing to ensure Plaintiffs and the
9 Class members are fully relieved of all work duties during their meal breaks.

10       6.13    Defendant has engaged in a common course of failing to provide Plaintiffs and
11 the Class members with thirty minutes additional pay and/or time worked for each missed meal
12 break.

13       6.14    Defendant had actual or constructive knowledge of the facts set forth above.

14       6.15    <u>Failure to pay minimum wages for all hours worked.</u> Defendant has engaged in a
15 common course of failing to pay minimum wages to Plaintiffs and the Class members for all
16 hours worked.

17       6.16    Defendant has engaged in a common course of failing to pay minimum wages to
18 Plaintiffs and the Class members for all hours worked by failing to provide Plaintiffs and the
19 Class members with ten minutes additional pay and/or time worked for each missed rest break.

20       6.17    Defendant has engaged in a common course of failing to pay minimum wages to
21 Plaintiffs and the Class members for all hours worked by failing to provide Plaintiffs and the
22 Class members with thirty minutes additional pay and/or time worked for each missed meal
23 break.

24       6.18    Defendant has engaged in a common course of requiring its employees to perform
25 pre-shift and/or post-shift work off-the-clock without compensation.

26       6.19    Defendant had actual or constructive knowledge of the facts set forth above.

JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California  91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

1      6.20   <u>Failure to pay all overtime wages due</u>. Defendant has engaged in a common course

2 of failing to pay Plaintiffs and the Class members for all hours worked over forty in a week at a

3 rate of not less than one and one-half times their regular rate of pay.

4      6.21   Defendant has engaged in a common course of failing to pay overtime wages to

5 Plaintiffs and the Class members during workweeks in which missed rest break time extended

6 the workweek beyond forty (40) hours.

7      6.22   Defendant has engaged in a common course of failing to pay overtime wages to

8 Plaintiffs and the Class members during workweeks in which missed meal break time extended

9 the workweek beyond forty (40) hours.

10      6.23   Defendant had actual or constructive knowledge of the facts set forth above.

11      6.24   <u>Failure to accrue and allow use of paid sick leave</u>. Defendant has engaged in a

12 common course of failing to accrue sick leave for and failing to allow the usage of paid sick leave

13 for qualifying absences by Plaintiffs and the Class members.

14      6.25   Defendant has engaged in a common course of failing to accrue sick leave for and

15 failing to allow the usage of paid sick leave for qualifying absences by Plaintiffs and the Class

16 members by failing to accrue paid sick leave for all hours worked by Plaintiffs and the Class

17 members.

18      6.26   Defendant has engaged in a common course of failing to accrue sick leave for and

19 failing to allow the usage of paid sick leave for qualifying absences by Plaintiffs and the Class

20 members by failing to accrue paid sick leave for each missed rest break.

21      6.27   Defendant has engaged in a common course of failing to accrue sick leave for and

22 failing to allow the usage of paid sick leave for qualifying absences by Plaintiffs and the Class

23 members by failing to accrue paid sick leave for each missed meal break.

24      6.28   Defendant had actual or constructive knowledge of the facts set forth above.

25      6.29   <u>Failure to pay all wages due at termination.</u> Defendant has engaged in a common

26 course of failing to pay Plaintiffs and the Class members all wages due at termination.

JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

1    6.30    Defendant had actual or constructive knowledge of the facts set forth above.

2    6.31    <u>Failure to maintain accurate payroll records.</u> Under Washington law, an employer

3    must keep and preserve payroll records that detail the "[h]ours worked each workday and total

4    hours worked each workweek" and maintain those records for at least three years. WAC 296-

5    128-010(6); WAC 296-126-050; *see also* RCW 49.46.0040(3).

6    6.32    Defendant has engaged in a common course of failing to keep accurate records of

7    the hours Plaintiffs and the Class members worked each day or the total hours they worked each

8    week.

9    6.33    Defendant had actual or constructive knowledge of the facts set forth above.

10    **VII.  FIRST CLAIM FOR RELIEF**

11    **(Violations of RCW 49.12.020 and WAC 296-126-092 — Failure to Provide Rest Periods)**

12    7.1    Plaintiff and the Class reallege and incorporate by reference each and every

13    allegation set forth in the preceding paragraphs.

14    7.2    RCW 49.12.010 provides that "[t]he welfare of the state of Washington demands

15    that all employees be protected from conditions of labor which have a pernicious effect on their

16    health. The state of Washington, therefore, exercising herein its police and sovereign power

17    declares that inadequate wages and unsanitary conditions of labor exert such pernicious effect."

18    7.3    RCW 49.12.020 provides that "[i]t shall be unlawful to employ any person in any

19    industry or occupation within the state of Washington under conditions of labor detrimental to

20    their health."

21    7.4    Pursuant to RCW 49.12.005 and WAC 296-126-002, conditions of labor "means

22    and includes the conditions of rest and meal periods" for employees.

23    7.5    WAC 296-126-092 provides that employees shall be allowed certain paid rest

24    periods during their shifts.

25    7.6    Under Washington law, Defendant has an obligation to provide employees with

26    the rest breaks to which they are entitled.

JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California  91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

1      7.7     Under Washington law, Defendant has an obligation to ensure that employees

2   receive the rest breaks to which they are entitled.

3      7.8     Under Washington law, Defendant has an obligation to provide employees with

4   ten minutes of additional pay for each missed rest break.

5      7.9     By the actions alleged above, Defendant has violated the provisions of RCW

6   49.12.020 and WAC 296-126-092.

7      7.10    As a result of the unlawful acts of Defendant, Plaintiffs and the Class members

8   (but not all) have been deprived of compensation in amounts to be determined at trial, and

9   Plaintiffs and the Class members are entitled to the recovery of such damages, including interest

10  thereon, attorneys' fees under RCW 49.48.030, and costs.

11                          **VIII.  SECOND CLAIM FOR RELIEF**

12  **(Violations of RCW 49.12.020 and WAC 296-126-092 — Failure to Provide Meal Periods)**

13     8.1     Plaintiff and the Class reallege and incorporate by reference each and every

14  allegation set forth in the preceding paragraphs.

15     8.2     RCW 49.12.010 provides that "[t]he welfare of the state of Washington demands

16  that all employees be protected from conditions of labor which have a pernicious effect on their

17  health. The state of Washington, therefore, exercising herein its police and sovereign power

18  declares that inadequate wages and unsanitary conditions of labor exert such pernicious effect."

19     8.3     RCW 49.12.020 provides that "[i]t shall be unlawful to employ any person in any

20  industry or occupation within the state of Washington under conditions of labor detrimental to

21  their health."

22     8.4     Pursuant to RCW 49.12.005 and WAC 296-126-002, conditions of labor "means

23  and includes the conditions of rest and meal periods" for employees.

24     8.5     WAC 296-126-092 provides that employees shall be allowed certain meal periods

25  during their shifts.

26

THIRD AMENDED CLASS ACTION
COMPLAINT FOR UNPAID WAGES – 17

1    8.6    Under Washington law, Defendant has an obligation to provide employees with

2    the meal breaks to which they are entitled.

3    8.7    Under Washington law, Defendant has an obligation to ensure that employees

4    receive the meal breaks to which they are entitled.

5    8.8    Under Washington law, Defendant has an obligation to provide employees with

6    thirty minutes of additional pay for each missed meal break.

7    8.9    By the actions alleged above, Defendant has violated the provisions of RCW

8    49.12.020, and WAC 296-126-092.

9    8.10    As a result of the unlawful acts of Defendant, Plaintiffs and the Class members

10    (but not all) have been deprived of compensation in amounts to be determined at trial, and

11    Plaintiffs and the Class members are entitled to the recovery of such damages, including interest

12    thereon, attorneys' fees under RCW 49.48.030, and costs.

13    ## IX.  THIRD CLAIM FOR RELIEF

14    ### (Violation of RCW 49.46.130 — Failure to Pay Overtime Wages)

15    9.1    Plaintiff and the Class reallege and incorporate by reference each and every

16    allegation set forth in the preceding paragraphs.

17    9.2    RCW 49.46.130 provides that "no employer shall employ any of his or her

18    employees for a workweek longer than forty hours unless such employee receives compensation

19    for his or her employment in excess of the hours above specified at a rate not less than one and

20    one-half times the regular rate at which he or she is employed."

21    9.3    By the actions alleged above, Defendant has violated the provision of RCW

22    49.46.130.

23    9.4    As a result of the unlawful acts of Defendant, Plaintiffs and the Class members

24    (but not all) have been deprived of compensation in amounts to be determined at trial, and

25    Plaintiffs and the Class members are entitled to the recovery of such damages, including interest

26    thereon, attorneys' fees and costs under RCW 49.46.090.

JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California  91103
TEL. (818) 230-7502 ● FAX (818) 230-7259
www.JusticeLawCorp.com

## X.  FOURTH CLAIM FOR RELIEF

### (Violation of RCW 49.46.090 — Payment of Wages Less Than Entitled)

10.1    Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

10.2    Under RCW 49.46.090, employers must pay employees all wages to which they are entitled under the Washington Minimum Wage Act (WMWA). RCW 49.46.010 defines "wage" as "compensation due to an employee by reason of employment, payable in legal tender of the United States or checks on banks convertible into cash on demand at full face value, subject to such deductions, charges, or allowances as may be permitted by rules of the director."

10.3    By the actions alleged above, Defendant has violated the provisions of RCW 49.46.090.

10.4    As a result of the unlawful acts of Defendant, Plaintiffs and the Class members (but not all) have been deprived of compensation in amounts to be determined at trial, and Plaintiffs and the Class members are entitled to the recovery of such damages, including interest thereon, attorneys' fees and costs under RCW 49.46.090.

## XI.  FIFTH CLAIM FOR RELIEF

### (Violations of RCW 49.46.210 and WAC 296-128-620 – Failure to Accrue and Allow Use of Paid Sick Leave)

11.1    Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

11.2    The Washington Paid Safe and Sick Leave Act, RCW 49.46.210, and its implementing regulations WAC 296-128-620, require that employees accrue paid sick leave for all hours worked at a rate of at least one hour for every forty hours worked.

11.3    Pursuant to RCW 49.46.200, Defendant must compensate Plaintiffs and the Class members at their regular and normal wages.

THIRD AMENDED CLASS ACTION
COMPLAINT FOR UNPAID WAGES – 19

1    11.4    By the actions alleged above, Defendant has violated the provisions of RCW

2  49.46.210 and WAC 296-128-620.

3    11.5    As a result of the unlawful acts of Defendant, Plaintiffs and the Class members

4  (but not all) have been deprived of compensation in amounts to be determined at trial, and

5  Plaintiffs and the Class members are entitled to the recovery of such damages, including interest

6  thereon, attorneys' fees and costs under RCW 49.46.090.

7                          **XII.  SIXTH CLAIM FOR RELIEF**

8          **(Violation of RCW 49.48.010 – Failure to Pay All Wages Due at Termination)**

9    12.1    Plaintiff and the Class reallege and incorporate by reference each and every

10  allegation set forth in the preceding paragraphs.

11    12.2    RCW 49.48.010 provides that "when any employee shall cease to work for an

12  employer, whether by discharge or by voluntary withdrawal, the wages due him on account of

13  his employment shall be paid to him at the end of the established pay period." The statute further

14  states that it shall be unlawful for "any employer to withhold or divert any portion of an

15  employee's wages."

16    12.3    By the actions alleged above, Defendant has violated the provisions of RCW

17  49.48.010.

18    12.4    As a result of the unlawful acts of Defendants, Plaintiffs and the Class members

19  (but not all) who are no longer employed by Defendants have been deprived of compensation in

20  amounts to be determined at trial, and Plaintiffs and the Class members who are no longer

21  employed by Defendants are entitled to the recovery of such damages, including interest thereon,

22  attorneys' fees under RCW 49.48.030, and costs.

23                        **XIII.  SEVENTH CLAIM FOR RELIEF**

24            **(Violation of RCW 49.52.050 – Willful Refusal to Pay Wages)**

25    13.1    Plaintiff and the Class reallege and incorporate by reference each and every

26  allegation set forth in the preceding paragraphs.

JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California  91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

1        13.2    RCW 49.52.050(2) provides that any employer who "willfully and with intent to

2  deprive the employee of any part of his wages, pays any employee a lower wage than the wage

3  such employer is obligated to pay such employee by any statute, ordinance, or contract" is guilty

4  of a misdemeanor.

5        13.3    Defendant's violations of RCW 49.12.020, WAC 296-126-092, RCW 49.46.090,

6  RCW 49.46.130, and RCW 49.48.010 were willful and intentional, and constitute violations of

7  RCW 49.52.050.

8        13.4    RCW 49.52.070 provides that any employer who violates the provisions of RCW

9  49.52.050 shall be liable in a civil action for twice the amount of wages withheld, attorneys' fees,

10  and costs.

11        13.5    As a result of the willful, unlawful acts of Defendant, Plaintiffs and the Class

12  members (but not all) have been deprived of compensation in amounts to be determined at trial,

13  and Plaintiffs and the Class members are entitled to recovery of twice such damages, including

14  interest thereon, as well as attorneys' fees and costs under RCW 49.52.070.

## XIV.  PRAYER FOR RELIEF

16        WHEREFORE, Plaintiff, on their own behalf and on behalf of the members of the Class,

17  pray for a judgment against Defendant, as follows:

18        A.    Certify the proposed Class;

19        B.    Appoint Plaintiff as Class representative;

20        C.    Appoint the undersigned attorneys as Class counsel;

21        D.    Declare that the actions complained of herein violate Washington law;

22        E.    Award Plaintiffs and the Class members compensatory and exemplary damages;

23        F.    Award attorneys' fees and costs to Plaintiff's attorneys, as allowed by law;

24        G.    Award pre-judgment and post-judgment interest to Plaintiffs and the Class

25  members, as provided by law;

26  */ / /*

JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California  91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

1    H.    Grant such other and further relief as this Court deems necessary.

2    RESPECTFULLY SUBMITTED AND DATED this 13th day of February, 2026.

3                                    **JUSTICE LAW CORPORATION**

4
                                    By:   */s/ Douglas Han*
5                                    Douglas Han, WSBA #59429
                                    Email: dhan@justicelawcorp.com
6                                    */s/ Shunt Tatavos-Gharajeh*
                                    Shunt Tatavos-Gharajeh, WSBA #59424
7                                    Email: statavos@justicelawcorp.com
                                    */s/ Dean Petitta*
8                                    Dean Petitta, WSBA #58295
                                    Email: dpetitta@justicelawcorp.com
9                                    751 North Fair Oaks Avenue, Suite 101
                                    Pasadena, California 91103
10                                   Telephone: (818) 230-7502
                                    Facsimile: (818) 230-7259
11                                   *Attorneys for Plaintiffs*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

## CERTIFICATE OF SERVICE

I certify under penalty of perjury under the laws of the State of Washington that, on the date stated below, I did the following:

On February 13, 2026, I caused to be transmitted the following document via the method(s) described below:

**THIRD AMENDED CLASS ACTION COMPLAINT FOR UNPAID WAGES**

in the above-entitled matter to:

| | |
|---|---|
| Kyle D. Nelson | **[X] By Electronic Mail** |
| knelson@seyfarth.com | **[X] By ECF** |
| Matthew R. Kelly | |
| mrkelly@seyfarth.com | |

<u>Legal Staff:</u>
Nancy Lee
nlee@seyfarth.com
**SEYFARTH SHAW LLP**
999 3rd Ave Ste 4700
Seattle, WA 98104

*Attorney(s)* for Defendant WinCo Holdings, Inc.

Executed on February 13, 2026, at Pasadena, California.

*/s/ Sophia Hanneyan*
Sophia Hanneyan

CERTIFICATE OF SERVICE
-1-

JUSTICE LAW CORPORATION,
751 N. Fair Oaks Ave., Ste. 101,
Pasadena, California, 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com