The Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANDRES AYALA, et al.,

              Plaintiffs,

    v.

WINCO HOLDINGS, INC.,

              Defendant.

Case No. 3:25–CV–05653–BHS

DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION FOR RECONSIDERATION

## I.  INTRODUCTION

Plaintiffs Andres Ayala's and Daniel Bussell's (collectively, "Plaintiffs") motion for reconsideration of the Court's Order Granting Defendant's Partial Motion to Dismiss (Dkt. #30) identifies no manifest error, newly discovered facts, or intervening legal authority warranting reconsideration. Instead, they repackage prior arguments, misapply the federal court pleading standard, hypothesize about the sufficiency of additional theories that they never pleaded, and attempt to relitigate issues the Court already considered and resolved. Neither the Local Civil Rules nor the Federal Rules of Civil Procedure, are intended to provide litigants with a "second bite at the apple," and such a motion should not be used to ask a Court to rethink what it has already thought through—whether rightly or wrongly, which is exactly what Plaintiffs do here. *See Combs v. Washington*, C12-5280 RBL-KLS, 2013 WL 2300752, at *1 (W.D. Wash. May 23, 2013). "Mere disagreement with a previous order is an insufficient basis for reconsideration, and

RESPONSE TO PLAINTIFFS' MOTION FOR RECONSIDERATION – 1
NO. 3:25–CV–05653–BHS

reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision." *Id.*

Accordingly, Defendant WinCo Holdings, Inc. ("Defendant") respectfully requests that the Court deny Plaintiffs' motion for reconsideration in its entirety.

## II.    STANDARD

A motion for reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks and citation omitted); *see also Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (noting that "as a rule courts should be loathe" to revisit prior decisions "in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice'") (citation omitted). Under this District's Local Civil Rules, "[m]otions for reconsideration are disfavored" and ordinarily the Court will "deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." *See* LCR 7(h)(1).

## III.    ARGUMENT

**A.  Plaintiffs' TAC Did Not Plausibly Allege Willful Withholding of Wages.**

Plaintiffs' first argument is that it was "manifest error" to conclude an explicit instruction to perform off-the-clock work could not plausibly constitute a willfulness claim. Dkt. #33 at p. 3. "'Manifest error' is 'an error that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record.'" *Munoz v. Locke*, C10-1475-JCC, 2013 WL 12177035, at *2 (W.D. Wash. Feb. 8, 2013) (citing Black's Law Dictionary 622 (9th ed. 2009)). Here, there is no "plain and indisputable" error that "amounts to a complete disregard of the controlling law or the credible evidence in the record." Plaintiffs argue that they alleged intentional non-payment of wages because "directed to work off-the-clock" and "refusal to pay" are "one in the same." Dkt. #33 at p. 4. But Ayala did not allege he was "directed to work

SEYFARTH SHAW LLP
999 3RD Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

off-the-clock." In the TAC, Ayala alleged, "Defendant's managers, leads, or accounting staff would instruct Plaintiff Ayala *(with knowledge that he was off-the-clock)* to perform work-related tasks …." Dkt. #33 (TAC, ¶ 5.1.15) (emphasis added). But as WinCo argued in its motion to dismiss, and this Court found in its Order (Dkt. #30), there is no allegation that Ayala "recorded these hours, submitted them for payment" or otherwise made Defendant aware of the missed pay. Dkt. #30 at p. 6.

In the TAC, Bussell similarly alleges in boilerplate fashion that "Defendant routinely required him to work off-the-clock." Dkt. #26 (TAC, ¶ 5.2.6). Although he provides a date on which he implausibly worked approximately *4 hours* prior to his scheduled shift, he does not provide any facts or circumstances about "who" allegedly required him to work and whether he attempted to record his hours but Defendant refused to pay. *See id.* In the next paragraph, Bussell vaguely asserts that his "frequent off-the-clock work [was] performed at his manager DJ Charfauros's request" but there are no specific allegations whether it was DJ Charfauro "who" allegedly required Bussell to work the 4 hours prior to his scheduled shift on December 21, 2022. *See id.* "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations … a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Landers v. Commc'ns Inc.*, 771 F.3d 638, 646 (2014) ("A plaintiff may establish a plausible claim by estimating the length of her average workweek during the applicable period and the average rate at which she was paid, the amount of overtime wages she believes she is owed, or any other facts that will permit the court to find plausibility.").

Plaintiffs incorrectly argue that the federal district court in *Arnold v. Marriott Int'l*, 2:24-CV-00221-RAJ, 2026 WL 575095, at *1 (W.D. Wash. Mar. 2, 2026) found "materially identical" allegations sufficient to state a claim for willfulness, but that case is easily distinguishable. In *Arnold*, the plaintiff alleged "on multiple occasions, he raised the issue [of nonpayment of wages]

SEYFARTH SHAW LLP
999 3RD Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

to his supervisors but no changes were made." *Id.* at \*5. Here, unlike the plaintiff in *Arnold*, Plaintiffs make no allegations that they sought payments for their alleged off-the-clock work but that WinCo refused to pay them. *See generally* Dkt. #26. Plaintiffs also surmise "it was not the Court's role to decide which party's narrative was more 'persuasive' on a Rule 12(b)(6) motion," Dkt. #33 at p. 5, but the United States Supreme Court acknowledged in *Iqbal* that "determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *see also Landers*, 771 F.3d at 646 ("Although these allegations 'raise the possibility' of undercompensation in violation of the FLSA, a possibility is not the same as plausibility."). Accordingly, Plaintiffs identify no manifest error, as the Court correctly determined that their allegations concern uncompensated off-the-clock work, which, without more, is not equivalent to willful wage withholding.

**B.      Plaintiffs Conflate Their Off-The-Clock Claim with Willful Withholding.**

In arguing that the Court's Order "erroneously inverts the record keeping requirement," Plaintiffs conflate their substantive claim for off-the-clock work with their claim for willful withholding of wages. *See* Dkt. #33 at pp. 5–6. In their motion for reconsideration, Plaintiffs cite a number of cases that have nothing to do with a claim for willful withholding of wages. Instead, the cases address what a plaintiff must allege or prove to state an underlying claim for off-the-clock work. *See*, *e.g.*, *Forrester v. Roth's I.G.A. Foodlinger, Inc.*, 646 F.2d 413, 414 (9th Cir. 1981) ("However, where an employer has no knowledge that an employee is engaging in overtime work and that employee fails to notify the employer or deliberately prevents the employer from acquiring knowledge of the overtime work, the employer's failure to pay for the overtime hours is not a violation of s 207."); *United Food & Commercial Workers Union Local 1001 v. Mut. Ben. Life Ins. Co.*, 84 Wn. App. 47, 925 P.2d 212 (1996), *abrogated by Seattle Prof'l Eng'g Employees Ass'n v. Boeing Co.*, 139 Wn.2d 824, 991 P.2d 1126 (2000) ("To establish their statutory claim, Individual Respondents must show that Ernst did not pay them their regular wage, or overtime

RESPONSE TO PLAINTIFFS' MOTION FOR RECONSIDERATION – 4
NO. 3:25–CV–05653–BHS

SEYFARTH SHAW LLP
999 3RD Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

when applicable, for all the time they were "employed."); *Dixon v. City of Forks*, C08-5189FDB, 2009 WL 1459447, at *4 (W.D. Wash. May 26, 2009), *order clarified*, C08-5189 FDB, 2009 WL 1608506 (W.D. Wash. June 9, 2009) ("In order to recover for uncompensated overtime work under the FLSA, the plaintiff must further prove that the employer had knowledge, either actual or constructive, of the plaintiff's overtime work.").

The issue here is whether Plaintiffs sufficiently stated a claim for willfulness—not whether Plaintiffs stated a claim for off-the-clock work. Indeed, "[u]nder Washington law, there is a difference between *willful* withholding of wages under RCW §§ 49.52.050 (Rebates of wages) and 49.52.070 (Civil liability for double damages) (included in the Wage Rebate Act) and *non-willful* failure-to-pay claims under RCW §§ 49.46.090 and 49.46.130 (included in the Minimum Wage Act)." *Sheaffer v. Superior Tank Lines Nw. Div., LLC*, 2:19-CV-00190-BJR, 2020 WL 1330769, at *4 (W.D. Wash. Mar. 23, 2020) (emphasis in original).

To state a claim for willful withholding of wages, a plaintiff must allege sufficient facts that an employer "wilfully and with intent to deprive the employee of any part of his or her wages" paid the employee a lower wage than what is legally or contractually obligated to pay. RCW 49.52.050(2), .070.[1] An employer acts willfully when the nonpayment is "the result of knowing and intentional action by the employer, rather than of a bona fide dispute as to the obligation of payment." *Brinson v. Linda Rose Joint Venture*, 53 F.3d 1044, 1050 (9th Cir. 1995). However, "constructive knowledge is not the appropriate standard for [Plaintiffs'] … willful withholding

---

[1] Plaintiffs quote out of context language from *WSNA v. Sacred Heart Med. Ctr.*, 175 Wn.2d 553 (2012) for the assertion that it is not Plaintiff's burden to establish a claim for willful withholding of wages. Dkt. #33 at p. 3. But *Sacred Heart Med. Ctr.* states only that "[t]he burden falls on the employer to show *the bona fide dispute exception applies*." 175 Wn.2d at 834 (emphasis added). The same goes for Plaintiffs' citation to *Hill v. Garda CL Nw., Inc.*, 191 Wn.2d 553 (2018). In *Hill*, the Washington Supreme Court stated that "an employer defeats a showing of willful deprivation of wages if it shows there was a 'bona fide' dispute about whether all or part of the wages were really due." 191 Wn.2d at 531. The burden is first on Plaintiffs to establish a prima facie case (i.e., the knowing and intentional deprivation of wages). Defendant then has the burden to establish its affirmative defenses.

SEYFARTH SHAW LLP
999 3RD Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

RESPONSE TO PLAINTIFFS' MOTION FOR RECONSIDERATION – 5
NO. 3:25–CV–05653–BHS

claim." *Id.* at *4 n.3. This makes practical sense because an employer cannot knowingly and intentionally withhold wages unless it had actual knowledge of the wages allegedly owed. As such, Plaintiffs' have failed to state a claim for willful withholding of wages.

**C. Plaintiffs' Allegations About Prior Complaints Were Vague and Conclusory.**

Plaintiffs argue the Court committed "manifest error" by disregarding prior complaints. Dkt. #33 at p. 6. But a complaint in federal court must contain sufficient factual detail to state a claim that is plausible on its face. *Iqbal*, 556 U.S at 678. While a court must accept the factual allegations in the complaint as true, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* In the TAC, Plaintiffs vaguely alleged, "Multiple of Defendant's employees have complained-formally and informally-about Defendant's wage-and-hour practices over the years, yet Defendant's deficient policies and practices leading to underpayment have persisted." Dkt. #33 (TAC, ¶ 5.1.15); *see also id.* (TAC, ¶ 5.2.10) ("Multiple of Defendant's employees have complained—both formally and informally— about Defendant's wage and hour practices over the years, yet Defendant's deficient policies and practices leading to underpayment have persisted."). Like Plaintiffs' allegations about off-the-clock work, however, these allegations are conclusory and devoid of any supporting factual detail. Plaintiffs submit an eleventh-hour declaration attaching a purported complaint made to the Washington Department of Labor and Industries, but Plaintiffs do not provide any argument or explanation why the complaints could not have been brought to its attention earlier with reasonable diligence. *See* LCR 7(h)(1). Nor do Plaintiffs connect these complaints to their own allegations in a manner that would transform their off-the-clock claims into willful wage withholding. To the contrary, the cited complaints are irrelevant to the alleged off-the-clock work, as they do not make allegations about off-the-clock work (they allege only missed breaks and wages that were allegedly paid ultimately). Indeed, one of the complaints is from May 2025, some two years after Plaintiffs left WinCo. Dkt. #33(TAC at ¶¶ 3.1, 3.2) (alleging Bussell left WinCo in February 2023 and Ayala in August 2023). The other complaint is from July 2021—well outside the statute of limitations

SEYFARTH SHAW LLP
999 3RD Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

period—and is not illuminating for the Court here given that a single allegation of missed breaks by a single employee for an employer the size of WinCo show no systemic or proven willful wage withholding practice. As such, the new complaints do not plausibly establish that WinCo had notice that Ayala and Bussell were performing uncompensated off-the-clock work, nor do they support a finding of willfulness.

**D.  Plaintiffs Misrepresent the Purported "Meal Period" Example.**

By arguing the Court misapprehended the "meal period" example, Plaintiffs misrepresent not only what was alleged in the TAC but also in the employment documents that Plaintiffs' counsel requested and received from Defendant last year. In their motion for reconsideration, Plaintiffs argue they "alleged WinCo managers disciplined Plaintiffs for taking *meal breaks* of 23, 24, and 16 minutes." Dkt. #33 at p. 7 (emphasis in original). This is not accurate. The TAC alleges only that "Plaintiff Ayala has specifically been disciplined by management (specifically Andre Austin) for taking *breaks too long*, including that he was disciplined in writing on January 21, 2023 that he had previously in January 2023 taken "a 23 minute break," "a 24 minute break," and "a 16 minute break." Dkt. #26 (TAC, ¶ 5.1.5) (emphasis added). In an effort to save their claim, Plaintiffs misrepresent this document to the Court as meal period discipline. The document indisputably discusses Ayala's rest break abuse:[2]

> I spoke with Andres today regarding the length of his breaks. On 1/19 he took a 23 minute break, on 1/20 he took a 24 minute break, and on 1/21 he took a 16 minute break. Andrew has been reminded that it is his responsibility to monitor the length of his breaks as we are only allowed 10 restful minutes.

---

[2] Indeed, the document Ayala himself references in the TAC undermines any claim of willfulness, as it reflects that he exceeded permitted break times and fails to adhere to WinCo's timekeeping policies.

RESPONSE TO PLAINTIFFS' MOTION FOR RECONSIDERATION – 7
NO. 3:25–CV–05653–BHS

SEYFARTH SHAW LLP
999 3ʳᴰ Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

*See* Declaration of Matthew Kelly, ¶¶ 2, Exs. A–B (emphasis added). [3] The Court did not "misapprehend" the purported "meal period" example, and Plaintiffs' argument in their motion for reconsideration is based on a misrepresentation of the documents incorporated into the TAC.

**E.  The Court Did Not Err By Dismissing the Complaint with Prejudice.**

Plaintiffs argue that dismissal with prejudice was inappropriate because amendment is not futile. Plaintiffs cite to the Ninth Circuit's decision in *United States v. Corinthian Colleges*, 655 F.3d 984 (9th Cir. 2011) for the assertion that "the number of amendments is one factor among five, and it carries less weight than prejudice and futility." Dkt. #33 at p. 7 (emphasis added). But nowhere in *Corinthian* did the Ninth Circuit assign more or less weight to the various factors. Instead, because there was "no evidence of delay, prejudice, bad faith, or previous amendments," the Ninth Circuit addressed "whether amendment would be futile." *Id.* at 995.

Plaintiffs opine that the alleged defects are "minor" and would not be "futile" or "prejudicial," but Defendant has expended considerable time and expense reviewing, analyzing, and investigating Plaintiffs' numerous versions of their complaints. Unlike in *Corinthian*, there is evidence of prejudice, bad faith, and previous amendments because Plaintiffs have now filed four complaints, each of which have failed to state a claim for willful withholding of wages. Plaintiffs have failed to do so because they lack evidence of willful wage withholding. Nothing will change that. The TAC continues to rely on vague, conclusory, and passive-voice allegations that do not plausibly allege any knowing or intentional decision by Defendant to willfully withhold wages.

Notably, the Ninth Circuit in *Corinthian* stated that leave to amend is warranted "if the deficiencies can be cured with additional allegations that are 'consistent with the challenged pleading' and that do not contradict the allegations in the original complaint." *Id.* (citing *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296–97 (9th Cir. 1990)) (emphasis added). Presumably,

---

[3] Plaintiffs claim they are referencing this document in their TAC, which entitles WinCo to attach it to this response to correct the misrepresentation. The Court may consider documents attached to the complaint or documents incorporated by reference in the complaint. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

SEYFARTH SHAW LLP
999 3RD Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

Plaintiff's counsel engaged in a reasonable inquiry to determine whether the factual contentions alleged in each of the four versions of the complaints have or will likely have evidentiary support and sought to comply with the Federal Rules of Civil Procedure before their filing. *See* Fed. R. Civ. P. 1 (The Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."). But here Plaintiffs have made a number of contradictory allegations in their different versions of their complaints. For example, Plaintiffs first alleged *lawful* wage and hour practices by asserting Defendant did not schedule Ayala for a meal period on shifts that were 5 hours or less, but Washington law only requires meal periods when an employee works more than five hours. Wash Admin. Code § 296-126-092 ("No employee shall be required to work *more than* five consecutive hours without a meal period.") (emphasis added). *See* Dkt. #9 (FAC, ¶ 5.7). But now that allegation has changed to "Plaintiff Ayala would routinely be scheduled to work 6-hour shifts toward the end of his employment as a cart clerk." Dkt. #25 (TAC, ¶ 5.1.1).[4] Plaintiffs' new argument in their motion about purported discipline for taking "meal periods" of 23, 24, and 16 minutes also contradicts their prior allegations that they were disciplined for taking "breaks" that were "too long" because they were 23, 24, and 16 minutes (and longer than the 10 minutes provided for rest breaks). *See* Dkt. #26 (TAC, ¶ 5.1.5) (emphasis added). The argument is also contradicted by Ayala's employment records (which Plaintiffs' counsel has in its possession). *See* Kelly Decl. ¶ 2, Ex. A. Plaintiffs also offer to submit purported complaints made to the Washington Department of Labor and Industries' but, as described above, those complaints do not assert a willfulness claim as one occurred some two years after they left WinCo, and the other is from outside the limitations period and pertains to missed breaks, not willful wage withholding for off-the-clock work. Plaintiffs also have no good argument why the complaints were not brought to the

---

[4] It bears noting that this allegation is internally inconsistent with his later allegation in paragraph 5.1.6, which alleges "Defendant would regularly schedule Plaintiff Ayala to work 5-hour shifts on busy weekends without scheduling a meal period." Dkt. #26 (TAC, ¶ 5.1.7).

SEYFARTH SHAW LLP
999 3RD Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

RESPONSE TO PLAINTIFFS' MOTION FOR RECONSIDERATION – 9
NO. 3:25–CV–05653–BHS

Court's attention earlier with reasonable diligence. *See* LCR 7(h)(1). Simply put, a motion for reconsideration is not a do-over, and the Court should deny Plaintiffs' motion in its entirety.

## IV. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court deny Plaintiffs' motion for reconsideration.

Respectfully submitted this 10th day of June, 2026.

SEYFARTH SHAW LLP

By:  */s/Kyle D. Nelson*
Kyle D. Nelson, WSBA No. 49981

By:  */s/Matthew R. Kelly*
Matthew R. Kelly, WSBA No. 48050

999 Third Avenue, Suite 4700
Seattle, Washington 98104-4041
Phone:    (206) 393-4060
Email:    knelson@seyfarth.com
Email:    mrkelly@seyfarth.com

*Counsel for Defendant WinCo Holdings, Inc.*

I certify that this memorandum contains 3,204 words, in compliance with the Local Civil Rules

RESPONSE TO PLAINTIFFS' MOTION FOR RECONSIDERATION – 10
NO. 3:25–CV–05653–BHS

SEYFARTH SHAW LLP
999 3RD Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

**CERTIFICATE OF SERVICE**

I hereby declare that on June 10, 2026, I caused a copy of the foregoing to be filed via USDC Western Washington CM/ECF e-filing system and emailed to the following:

Dean L. Petitta, WSBA No. 58295
Shunt Tatavos-Gharajeh, WSBA No. 59424
Douglas Han, WSBA No. 59429
Justice Law Corporation
751 North Fair Oaks Avenue, Suite 101
Pasadena, California 91103
P: (818) 230-7502
dpetitta@justicelawcorp.com
statavos@justicelawcorp.com
dhan@justicelawcorp.com

*Attorneys For Plaintiff*

By:   */s/Matthew Kelly*
                Matthew Kelly, Attorney

SEYFARTH SHAW LLP
999 3RD Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

RESPONSE TO PLAINTIFFS' MOTION FOR RECONSIDERATION – 11
52613216Ⅴ.5
NO. 3:25–CV–05653–BHS