UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANDRES AYALA, et al.,

                    Plaintiffs,

        v.

WINCO HOLDINGS, INC.,

                    Defendant.

CASE NO. C25-5653 BHS

ORDER

THIS MATTER is before the Court on plaintiff Ayala's motion for reconsideration, Dkt. 33, of this Court's prior Order, Dkt. 30, dismissing Ayala's willful wage withholding claim.

Winco moved to dismiss Ayala's willful wage withholding claim, arguing his complaint alleged at most "carelessness or error." Dkt. 27 at 6–7. The Court agreed, ruling that Ayala did not allege that Winco "intentionally and knowingly withheld pay." Dkt. 30 at 6. Instead of specific instances in which Winco refused to pay, Ayala made conclusory, generic statements about employee complaints and Winco's timekeeping processes. *Id.* at 7. Because Ayala already had multiple opportunities to plausibly allege facts allowing the Court to draw the reasonable inference that Winco's acts were willful,

ORDER - 1

the Court did not permit him to amend again and dismissed the claim with prejudice. *Id.* at 7–8.

Ayala moves for reconsideration of the Court's Order. Dkt. 33. He argues the Court erroneously applied Rule 12(b)(6) because it "adopted competing inferences in [Winco's] favor." *Id.* at 2. He argues the Court did not address the plausibility of his willfulness claim, but instead resolved factual issues in Winco's favor. *Id.* at 3–6. Alternatively, Ayala asks for leave to amend his complaint again. *Id.* at 7.

Winco responds that Ayala's motion rehashes his previous arguments and maintains he does not sufficiently state a willful wage withholding claim. Dkt. 36. It highlights that Ayala has already had four attempts to make his claim plausible and each one relies on vague allegations that do not support his willfulness claim. *Id.* at 8.

Under Local Civil Rule 7(h)(1), motions for reconsideration are disfavored, and will ordinarily be denied unless there is a showing of (a) manifest error in the ruling, or (b) facts or legal authority which could not have been brought to the attention of the court earlier, through reasonable diligence. LCR 7(h)(1). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). The term "manifest error" is "an error that is plain and indisputable and that amounts to a complete disregard of the controlling law or the credible evidence in the record." BLACK'S LAW DICTIONARY 622 (9th ed. 2009).

ORDER - 2

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). A motion for reconsideration should not be used to ask a court to rethink what the court has already thought through, whether rightly or wrongly. *See Defenders of Wildlife v. Browner*, 909 F.Supp. 1342, 1351 (D. Ariz. 1995).  Mere disagreement with a previous order is an insufficient basis for reconsideration, and reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision. *Haw. Stevedores, Inc. v. HT & T Co.*, 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005). Whether or not to grant reconsideration is committed to the sound discretion of the Court. *Navajo Nation v. Confederated Tribes & Bands of the Yakima Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

Ayala does not meet this strict standard. He repeats his previous arguments: that he plausibly alleges willfulness by alleging he was forced to work off-the-clock and that Winco knew of missed pay due to timekeeping reconciliation processes and prior employee complaints. *See* Dkts. 28 and 33. He insists the Court incorrectly read his complaint in Winco's favor to dismiss the claim, but that is not accurate. The Court relied entirely on Ayala's complaint, and what it did not include, to determine he had not sufficiently claimed willfulness. *See, e.g.,* Dkt. 30 at 6 (Ayala did not allege any details about requests for missing payment or former employee complaints). The Court did not resolve any factual disputes in its Order.

Ayala is not entitled to amend his complaint again. The Court considers five factors in deciding whether to grant leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint. *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011). The Court acknowledges that there is no evidence of delay, bad faith, or prejudice, but the last two factors weigh against him.

Ayala has amended several times already; he has filed four complaints in total, three of which have been proper. *See* Dkts. 1-2, 9, 14, 26. In its Order granting Winco's first motion to dismiss, the Court permitted him to amend his willfulness claim. Dkt. 25 at 10. His repeated failure to plausibly state a willfulness claim suggests amending would be futile. The "standard for granting leave to amend is generous," but Ayala has reached his limit. *Id.* (citing *Balistreri v. Pacifica Police Dept.,* 901 F.2d 696, 701 (9th Cir. 1990)). The Court will not permit Ayala to amend his complaint again.

Ayala's motion for reconsideration, Dkt. 33, is **DENIED**.

IT IS SO ORDERED.

Dated this 15th day of June, 2026.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 4